UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSHUA HARDING, <br>     No. 0514403, | ) <br> ) <br> ) | |
|     Plaintiff, | ) <br> ) | No. 3:17-cv-01002 <br> CHIEF JUDGE CRENSHAW |
| v. | ) <br> ) | |
| CORE CIVIC, | ) <br> ) | |
|     Defendant. | ) | |

# MEMORANDUM

Joshua Harding, an inmate of the Metro-Davidson County Detention Facility in Nashville, Tennessee, filed this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Core Civic, alleging violations of his civil rights based on a recent outbreak of scabies at the facility, among other allegations. (Doc. No. 1). As relief, the Plaintiff seeks $150,000 in damages. (Id. at 6).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.    Section 1983 Standard

Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the

2

Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

According to the complaint, the Plaintiff has been exposed to scabies[1] while incarcerated at a Core Civic facility in Nashville, Tennessee. The complaint alleges that Core Civic's lax screening of incoming female inmates led to the scabies outbreak; CoreCivic initially ignored the scabies outbreak; Core Civic failed to take steps to control the outbreak; Core Civil failed to treat inmates and employees exposed to scabies; the Plaintiff was threatened with solitary confinement if he complained about scabies or refused to sign paperwork presented by Core Civic; and Core Civic is refusing to provide the Plaintiff with medical treatment for his scabies. (Doc. No. 1 at 5).

## IV. Analysis

The complaint names one Defendant: Core Civic, a Nashville-based private prison company. For liability under 42 U.S.C. § 1983, Plaintiff must prove the deprivation of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. Flagg Bros., Inc., v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 56 L.Ed.2d 185 (1978). Because Core Civic performs a traditional state function in operating a state prison, Core Civic acts under the color of state law. Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir.1996). However, unlike the state, Core Civic is not entitled to Eleventh Amendment immunity and may be liable under § 1983 "if its official policies or customs resulted in injury to the plaintiff." O'Brien v. Mich. Dep't of Corr., 592 Fed. Appx. 338, 341 (6th Cir. 2014); see also Mason v. Doe,

---

[1] Scabies "is not an infection, but an infestation. Tiny mites . . . set up shop in the outer layers of human skin. The skin does not take kindly to the invasion. As the mites burrow and lay eggs inside the skin, the infestation leads to relentless itching and an angry rash." www.webmd.com/skin-problems-and-treatments/ss/slideshow-scabies-overview (July 13, 2017).

No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right").

To hold Core Civic liable, the Plaintiff cannot rely on the theory of respondeat superior or vicarious liability. Street, 102 F.3d at 818. Liability for failure to screen incoming inmates for scabies, failure to control the facility scabies outbreak, failure to treat inmates properly for their scabies infestations, and retaliation against inmates who complained about scabies attaches only if Core Civic's policies were shown to be the "moving force" behind the Plaintiff's injuries. City of Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989). Here, liberally construing the *pro se* complaint, Plaintiff alleges that Core Civic's policies, including those policies concerning the process of screening of incoming female inmates for conditions such as scabies and the inadequate treatment of scabes-infested inmates, are responsible for the Plaintiff's injuries. Of course, what the Plaintiff claims are policies may not be policies and may not have resulted in the deprivation of the Plaintiff's constitutional rights. However, these particulars can be sorted out during the development of this case. For purposes of the initial screening of the Plaintiff's claims against Core Civic required by the PLRA, the Court finds that the complaint states non-frivolous Eighth Amendment claims against Core Civic related to the 2016-17 scabies outbreak at the Metro-Davidson County Detention Facility in Nashville, Tennessee.

## V. Conclusion

In conclusion, the Court finds that the complaint states colorable Eighth Amendment claims pursuant to § 1983 against Core Civic as set forth above. 28 U.S.C. § 1915A.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE