IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA HARDING | ) |
| | ) |
| v. | ) NO: 3:17-1002 |
| | ) |
| CORECIVIC | ) |

TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered August 18, 2017 (Docket Entry No. 6), the District Judge referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Joshua Harding ("Plaintiff") filed this lawsuit *pro se* and *in forma pauperis* on June 30, 2017, while confined as an inmate at the Metro-Davidson County Detention Facility ("MDCDF") in Nasvhille, Tennessee. He seeks damages under 42 U.S.C. § 1983 based on a claim that he has been denied constitutionally adequate medical care at the MDCDF. Specifically, he alleges that CoreCivic, a private entity that operates the MDCDF, failed to take appropriate and necessary action in response to an outbreak of scabies that occurred among inmates at the MDCDF in 2016-2017.

Upon the initial screening of the complaint, the Court directed that the Clerk send Plaintiff a service packet for the named defendant. *See* Order entered August 18, 2017 (Docket Entry No. 6). Plaintiff was directed to complete the service packet and return it to the Clerk's Office within

twenty-one (21) days of receipt of the Order and was forewarned by the Court that his failure to return the service packet within the time frame could jeopardize his prosecution of the action. *Id*. The docket reflects that Plaintiff has not returned a completed service packet or otherwise communicated with the Court since filing his complaint.

Rule 4(m) of the Federal Rules of Civil Procedure requires that the defendant be served with process within 90 days of the date the action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. It is also well settled that Federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Plaintiff has not returned a completed service packet to the Court so that process can issue in this action. Because a service packet has not been returned and process has not issued to Defendant within the time period set out in Rule 4(m), this action should be dismissed.

**RECOMMENDATION**

For the foregoing reasons, the Court respectfully RECOMMENDS this action be DISMISSED WITHOUT PREJUDICE in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.[1]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge